UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LATIFAH LOGAN, Individually and on     :
Behalf of All Other Persons Similarly Situated,     :

                           :

               Plaintiff,     :

                           :           **COMPLAINT AND**

       -against-                  :            **<u>JURY DEMAND</u>**

                           :

ST. JOSEPH'S HOSPITAL HEALTH CENTER,     :    Civil Case No. 5:26-cv-1045 (FJS/CBF)
D/B/A AS ST. JOSEPH'S HEALTH SYSTEM,     :

                           :

              Defendant.     :

-------------------------------------------------------------X

## INTRODUCTION

Plaintiff Latifah Logan, individually on behalf of herself and all others similarly situated, by and through counsel, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

1. The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant (hereinafter also referred to as "St. Joseph's" or "Defendant") to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Moreover, the New York labor laws (hereinafter "NYLL"), require, *inter alia*, payment of all wages due to non-exempt employees in a timely manner without unauthorized

deductions. Plaintiff brings this case on her own behalf and on behalf of those similarly situated, both under federal and state law, to redress Defendant's violations of these laws, as is more fully set forth herein.

2.      This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs, declaratory and injunctive relief, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA"), and/or all applicable New York State wage and hour laws on behalf of Plaintiff and similarly situated current and former employees of Defendant, and who elect to opt into this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective," as hereinafter more fully defined), or applicable New York State wage and hour laws.

3.      This action also seeks to recover unpaid compensation, as well as interest, costs, and any other appropriate relief, under New York labor laws (hereinafter "NYLL"), including but not limited to, New York's Wage Theft Prevention Act, New York Labor Law §§ 160, 191, 193, 198, on behalf of Plaintiff and similarly situated current and former employees employed by Defendant (the "State Law Class," as hereinafter more fully defined).

4.      Plaintiff, on her own behalf and on behalf of the FLSA Collective and the State Law Class, seeks compensatory, statutory, exemplary, and punitive damages, declarative and injunctive relief, as well as attorneys' fees, costs, and such other relief as the Court may deem just and appropriate.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.      This Court has supplemental jurisdiction over Plaintiff's New York Labor Law claims because those claims arise out of the exact same nucleus of facts and are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant has its principal place of business and resides in this District, Plaintiff resides in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

9.      Plaintiff Latifah Logan is an individual and a resident of Syracuse, New York, and has agreed to serve as a class representative in this matter.

10.     St. Joseph's Health is, and holds itself as, is "a regional non-profit health care system located in Syracuse, NY," and is the doing business entity owned and operated by Defendant St. Joseph's Hospital Health Center.[1] St. Joseph's Hospital Health

---

[1] https://www.sjhsyr.org/about-us (last accessed May 9, 2026).  St. Joseph's Health is a division of and, through St. Joseph's Hospital Health Center, is owned by Trinity Health Corp., which owns and manages Trinity Health, one of the country's largest health care systems consisting of, according to itself, "133,000 colleagues and more than 38,900 physicians and clinicians caring for diverse communities across 23 states… including 91 hospitals [and] 101 continuing care locations." Plaintiff reserves the right to name Trinity Health Corp. as a defendant in this action depending on subsequent facts that may be uncovered.

Center is a non-profit corporation with its principal place of business at 301 Prospect Avenue, Syracuse, New York.

11.    Defendant is an "employer" of Plaintiff and other members of the FLSA Collective within the meaning of the FLSA.

12.    At all times relevant, Defendant also was an employer covered by the New York Labor Law.

13.    Defendant utilizes non-exempt employees, including Plaintiff and other members of the FLSA Collective and the State Law Class, in furtherance of its business purpose.

14.    At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

15.    At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16.    Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

17.    Defendant was an employer of Plaintiff and other members of the FLSA Collective and the State Law Class inasmuch as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

4

## FACTUAL ALLEGATIONS

### Plaintiff's, the FLSA Collective's, and the State Law Class's
### Non-Exempt Employment Statuses with Defendant

18.     Plaintiff Logan was initially hired by Defendant in or about December 2024 as a Patient Care Technician. She was hired to work for, and thereafter continued to work for, Defendant until on or about December 29, 2025, as an hourly, nonexempt employee, and frequently worked at least forty hours per week during her employment.

19.     Defendant classified and paid Plaintiff, as well as other members of the FLSA Collective and the State Law Class, as nonexempt employees.

20.     At all times relevant, Plaintiff and other members of the FLSA Collective and the State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and New York Labor Law.

21.     At all times relevant, Plaintiff and other members of the FLSA Collective and the State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

### Defendant's Failure to Pay for All Hours Worked
### as a Result of Defendant's Time Rounding Policy

22.     Plaintiff Logan and the other members of the FLSA Collective and the State Law Class are required to clock in and out at the beginning and end of their shifts at Defendant's locations to record their hours worked.

23.     Accordingly, at the beginning of their workdays, Plaintiff and the members of the FLSA Collective and the State Law Class clocked in as required and performed the principal activities of their jobs, but Defendant generally did not pay them for all of their time worked. Likewise, Plaintiff and the members of the FLSA Collective

5

and the State Law Class regularly worked, stopped working, and clocked out at the end of their workdays, but Defendant generally did not pay them for all of their time worked. Instead, Defendant paid them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all compensable work required by, performed for, and to the benefit of Defendant. Defendant willfully manipulated both the beginning and end of shift time records of Plaintiff and the members of the FLSA Collective and the State Law Class to reflect less time worked when Defendant submitted these employees' records to payroll, resulting in less time paid than time worked.

24.     Defendant implemented a policy in which employees are expected to clock in up to seven (7) minutes early, even though they often, like Plaintiff, arrived earlier, which time is then rounded up in favor of Defendant. Employees are instructed not to clock in more than seven (7) minutes early because the time would then be rounded in the employee's favor, triggering additional compensation. Similarly, employees are instructed not to clock out more than seven (7) minutes late, as this would cause the time to be rounded in the employee's favor, triggering additional straight time compensation in non-overtime weeks, or additional overtime compensation in weeks where the rounded time constituted overtime hours.

25.     Upon hiring or otherwise during their employment, Plaintiff and the members of the FLSA Collective and the State Law Class are told that they will be penalized, including being marked late and accruing attendance points, if they clocked in late or clocked out early, whether or not they clocked-in early or work late. Defendant utilizes an attendance and/or disciplinary policy to ensure that Defendant's rounding system is substantially rigged in Defendant's favor. As a result, Plaintiff Logan and other

members of the FLSA Collective and the State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff and other members of the FLSA Collective and the State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), and the provisions of New York Labor Law cited herein.

26. By way of example, as patient care technician, Plaintiff Logan routinely was required to arrive by on or about 6:45 a.m. to receive her assignment for the day, and would then proceed to the assigned unit and clock in at the time-keeping Kronos system located there at approximately 6:53 a.m. to avoid being penalized.

27. Logan clocked in up to seven (7) or more minutes prior to her shift starting time and immediately began working, performing the principal activities of her job. Plaintiff Logan regularly clocks in five (5), six (6), or seven (7) minutes or more prior to the beginning of her shift and immediately started working.

28. Similarly, Plaintiff Logan and other members of the FLSA Collective and the State Law Class regularly worked and work after the end of their shift times but were and are only paid up until their shift ending times. These employees were and are not paid for all time worked up and until they stopped working as Defendant instead paid them based on the post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include post-shift compensable work required by, performed for, and to the benefit of Defendant as tracked in Defendant's timekeeping system.

29. By way of example, Plaintiff Logan often stopped working several minutes after the end of her shift and clocked out, which, when combined with the additional minutes she worked at the beginning of her shift that was rounded away,

7

regularly adds up to at least several minutes each day and workweek for which Defendant failed to compensate her.

30.    Although Defendant suffered and permitted Plaintiff and the members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and the members of the FLSA Collective and the State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. §§ 785.11, 785.13. Though Plaintiff and the members of the FLSA Collective and the State Law Class regularly complete tasks that are required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities before their shift starting times (and after shift ending times), these workers are not paid for the time spent performing these tasks because Defendant unilaterally deducted this time worked, and Defendant accepted the benefits of this work without compensating them for this work, regardless of the fact that compensable work was completed. *See* 29 C.F.R. §§ 785.11, 785.13. As a result, Plaintiff and the members of the FLSA Collective and the State Law Class were not properly paid for many of their hours worked as required by the FLSA and New York Labor Law.

31.    Although there was no administrative difficulty in compensating them for such work, both as to beginning and end of shifts, Defendant did not count the time it takes Plaintiff, the FLSA Collective, and State Law Class to complete the job duties described above as hours worked for purposes of computing overtime or non-overtime hours worked.

32.     Defendant's time rounding and/or editing policy, and time manipulation practices in conformity with this policy, are not neutral, facially or otherwise. Defendant rounded, edited, and/or otherwise manipulated Plaintiff's, the FLSA Collective's, and State Law Class's work starting and ending times despite utilizing a timekeeping system that tracks exactly when they "punched" or clocked in/out and started/ended working each day. During overtime weeks, and despite knowing of their performance of work during workweeks when Plaintiff and the FLSA Collective worked more than forty (40) hours, Defendant did not pay them for such overtime which was required to be paid at "one and one-half times" their "regular rate[s]" of pay. *See* 29 U.S.C. § 207. Likewise, during non-overtime weeks, and despite knowing of their performance of such work, Defendant did not pay Plaintiff and the State Law Class for such hours on a straight time basis.

33.     Defendant's rounding/editing and time manipulation policies have violated and continue to violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

34.     As a result, Plaintiff and other members of the FLSA Collective and the State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff and other members of the FLSA Collective and the State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b).

35.     Defendant's on-the-clock but unpaid time deprivation policies/practices are the result of systematic and company-wide policies/practices originating at the corporate level. Defendant's policies resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Plaintiff, the FLSA Collective, and State Law Class] without compensating for them." "Management has the power to … [and] must make every effort to" ensure all work completed at the beginning and end of shifts was paid in accordance with the FLSA and state law. *See id.*

36.     The additional pre- and post-shift work was compensable as overtime or straight time hours worked because the work was required by Defendant and the work was performed for Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities. Despite this, it was not fully paid on a straight time regular rate basis, nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40), as required by the FLSA and New York Labor Law.

### Defendant's Record-Keeping and Pay Payment Violations

37.     The FLSA required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

38.     Specifically, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total

hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

39. Similarly, the New York Labor Law requires employers, such as St. Joseph's, to provide employees with a statement of deductions from wages for each pay period.

40. Defendant kept records of hours worked by Plaintiff and members of the FLSA Collective and the State Law Class. However, at the time that the hours worked by Plaintiff and members of the FLSA Collective and the State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift and/or break time compensable work required by, performed for, and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and members of the FLSA Collective and the State Law Class. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA's and New York Labor Law's record keeping requirements.

**The Willfulness of Defendant's Violations**

41. By denying Plaintiff and members of the FLSA Collective and the State Law Class overtime compensation and/or the other pay to which they were entitled, as has been discussed above, Defendant's acts were not based upon good faith.

42. Defendant is a large and highly sophisticated employer, with an in-house legal team. Through legal counsel as well as industry experience and custom, Defendant

11

possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of federal law or acted in reckless disregard as to Defendant's obligations under these laws.

43.    Accordingly, Defendant's failure to compensate Plaintiff Logan and other members of the FLSA Collective and the State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a willful violation of the FLSA, 29 U.S.C. § 207 and of New York Labor Law requiring employers to provide a statement of deductions from wages for each pay period.

44.    Plaintiff and members of the FLSA Collective and the State Law Class are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260 and New York Labor Law.

### FLSA COLLECTIVE OVERTIME ALLEGATIONS
### (As to COUNT ONE)

45.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 44, as if fully rewritten herein.

46.    Plaintiff brings this case on behalf of a group of employees of Defendant (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consents to join this action from this group of individuals:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of three years preceding the commencement

12

of this action to the date of judgment in this action who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek by virtue of having their time edited and/or rounded.

Plaintiff reserves the right to amend and refine the definition of the FLSA Collective members she seeks to have the Court serve notice based upon further investigation and discovery. Such persons are "similarly situated" with respect to Defendant's FLSA violations, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, all were subjected to Defendant's unlawful rounding/editing and time manipulation policies, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

47.    Plaintiff Logan and other members of the FLSA Collective are similarly situated because, among other reasons, they are owed overtime from working hours for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a result of Defendant's time rounding and/or editing policies, and time manipulation practices in conformity with these policies, that lead to less time paid than time worked. Plaintiff will prosecute this action vigorously on their behalf.

48.    Plaintiff Logan and other members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Plaintiff and other members of the FLSA Collective are similarly situated in that each is entitled to

damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees and costs.

49.     Plaintiff is entitled to send notice to all potential FLSA Collective members pursuant to Section 216(b) of the FLSA. Upon information and belief, the precise size and identity of the group of potential FLSA Collective members are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential FLSA Collective members consist of approximately one thousand or more persons.

## STATE LAW ALLEGATIONS
### (As to COUNTS TWO, THREE, FOUR and FIVE)

50.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 44, as if fully rewritten herein.

51.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a group of employees of Defendant who assert violation of New York Labor Law claims (referred to herein as the "State Law Class"), defined as:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period from 6 years prior to filing the complaint to the date of judgment in this action who were not paid for all straight/non-overtime hours worked by virtue of having their time rounded and/or edited.

52.     There are questions of law or fact common to the State Law Class, including but not limited to:

(a) Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their hours worked;

(b) Whether Defendant's denial of Plaintiff's and other members of the State Law Class's earned and owed compensation violated the NYLL;

(c) Whether Defendant failed to pay Plaintiff and the State Law Class overtime compensation for all hours worked in excess of forty (40) hours in a workweek in violation of the NYLL;

(d) Whether St. Joseph's violations of the NYLL were willful;

(e) Whether St. Joseph's failed to provide accurate paystubs under NYLL; and

(f) What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay non-overtime compensation owed when the wages were required to be paid.

53.     Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

54.     The State Law Class, outlined above, is so numerous that joinder of all State Law Class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of at least one thousand or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has

15

maintained, and was required to maintain, pursuant to the FLSA and New York Labor Law, as set forth above.

55.     Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

56.     The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

57.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

16

**COUNT ONE**
**(FLSA Overtime Violations)**
*On Behalf of Plaintiff and the FLSA Collective*

58.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 49 as if fully rewritten herein.

59.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

60.     Defendant has engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

61.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). A copy of Plaintiff's consent to join is attached as Exhibit A hereto.

62.      The overtime wage provisions set forth in 29 U.S.C. § 201, et seq., apply to Defendant.

63.     At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay full and required premium overtime compensation to Plaintiff and members of the FLSA Collective for hours worked in excess of forty (40) hours per workweek.

64.     As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the FLSA Collective members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

17

65.    As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the FLSA Collective members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

66.    As a result of Defendant's policy and practice of rounding and editing time records in order to pay payroll at a rate less than what is owed to its employees, Defendant knew or recklessly disregarded the fact that Plaintiff and the FLSA Collective members were entitled to proper overtime pay and acted with and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

67.    As a result of Defendant's FLSA violations, Plaintiff, on behalf of herself and the FLSA Collective members, is entitled to (a) recover from Defendant unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

68.    Defendant's violations of the FLSA have been willful within the meaning of that statute, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**COUNT TWO**
**(Overtime - New York Labor Law Violations)**
*On Behalf of Plaintiff and the State Law Class*

69.    Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 44 and 50 through 57, as if fully rewritten herein.

70.    Plaintiff brings this claim for violation of New York law, NYLL § 160 and 12 NYCRR § 142-2.2, on behalf of herself and the members of the State Law Class, as previously defined.

71.    At all relevant times, Plaintiff and State Law Class members were employed by Defendant within the meaning of the NYLL §§ 2 and 651.

72.    NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

73.    Defendant suffered and permitted Plaintiff and members of the State Law Class to perform work on its behalf which regularly totaled more than forty (40) hours per week.

74.    Defendant failed to pay Plaintiff and members of the State Law Class overtime pay for the hours that they worked over forty (40) per week.

75.    As a result of Defendant's violation of New York Labor Law, Plaintiff and the members of the State Law Class are entitled to recover from Defendant their overtime pay for all hours worked in excess of forty per week at one and one-half times their regular rate. Plaintiff and members of the State Law Class are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the New York Labor Law.

19

## COUNT THREE
### (Wage Deductions - New York Labor Law Violations)
### *On Behalf of Plaintiff and the State Law Class*

76.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 44 and 50 through 57, as if fully rewritten herein.

77.     Plaintiff brings this claim for violation of New York law, NYLL § 193(1), on behalf of herself and the members of the State Law Class, as previously defined.

78.     At all relevant times, Plaintiff and State Law Class members were employed by Defendant within the meaning of the NYLL §§ 2 and 651.

79.     NYLL § 193(1)(a) and (b) provide that "No employer shall make any deduction from the wages of an employee, except deductions which… are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency including regulations promulgated under paragraph c and paragraph d of this subdivision; or are expressly authorized in writing by the employee and are for the benefit of the employee, provided that such authorization is voluntary and only given following receipt by the employee of written notice of all terms and conditions of the payment and/or its benefits and the details of the manner in which deductions will be made."

80.     Defendant willfully violated NYLL § 193(1) by failing to pay Plaintiff for all overtime and non-overtime hours worked due to Defendant's implementation of time rounding/editing policies and/or practices, and/or other time manipulation procedures in conformity with these policies/practices.

81.     As a result of Defendant's violation of New York Labor Law, Plaintiff and the members of the State Law Class are entitled to recover from Defendant unpaid wages

20

due to rounding; unpaid overtime premiums for hours worked over forty (40), including when Defendant paid overtime on a straight-time basis; liquidated damages; statutory penalties, damages for unreasonably delayed payments; reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL.

**COUNT FOUR**
**(Failure to Pay Wages In a Timely Manner – New York Labor Law)**
*On Behalf of Plaintiff and the State Law Class*

82.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 44 and 50 through 57.

83.     At all relevant times, Plaintiff and State Law Class members were employed by Defendant within the meaning of the NYLL §§ 2 and 651.

84.     Pursuant to the New York Labor Law, each employer shall pay all nonexempt employees for all hours worked, and one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

85.     Plaintiff and the State Law Class are non-exempt employees entitled to pay for all hours worked and overtime compensation for all hours worked in excess of forty (40) per workweek.

86.     NYLL § 191 provides that manual workers employed by a nonprofit-making organization and clerical workers shall be paid in accordance with the agreed terms of employment, but not less frequently than semi-monthly.

87.     Plaintiff and the State Law Class did not receive accurate or timely hourly compensation and overtime compensation from Defendant that reflected the actual hours they worked in each pay period, in violation of NYLL § 191.

21

88.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the State Law Class have suffered a loss of income and other damages.

89.    As a result of Defendant's violation of New York Labor Law, Plaintiff and the members of the State Law Class are entitled to recover from Defendant the wages or expenses that were not paid, liquidated damages equal to the full amount of wages owed, pre-judgment interest at the annual rate of nine percent (9%), court costs, and attorneys' fees incurred in recovering the unpaid wages.

### COUNT FIVE
**(Failure to Provide Proper Wage Statements – New York Labor Law)**
***On Behalf of Plaintiff and the State Law Class***

90.    Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 44 and 50 through 57, as if fully rewritten herein.

91.    NYLL § 195(3) provides that an employer shall "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage.… For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

92.    Defendant knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by NYLL

22

§ 195(3). Defendant failed to provide wage statements with the correct payment as required by NYLL § 195(3).

93.    As a result of Defendant's violation of New York Labor Law, Plaintiff was compelled to spend time and expense, and Plaintiff and the members of the State Law Class are entitled to recover from Defendant damages of two hundred fifty dollars for each workday that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees pursuant to NYLL § 198 (1-d).

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and other members of the FLSA Collective and the State Law Class, as applicable, pray that this Honorable Court:

A.    Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, and other relevant records, necessary to determine similarly situated individuals;

B.    Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C.    Conditionally certify the putative FLSA Collective and provide Court-approved notice to similarly-situated persons informing them of this action and their ability to opt-in and become part of FLSA Collective and enabling them to opt in;

D.    Toll the statute of limitations for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F.      Enter judgment against Defendant, and in favor of Plaintiff, the FLSA Collective, and the members of the State Law Class, declaring that Defendant's activities, as alleged herein, violate the FLSA and New York law and enjoining Defendant from continuing to violate the FLSA and New York law, as well as awarding the relief set forth immediately below;

G.      Award compensatory damages to Plaintiff and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H.      Award Plaintiff and other members of the State Law Class all damages allowed by New York law, including but not limited to NYLL § 198;

I.      Designate Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

J.      Award Plaintiff, and members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

K.      Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully submitted,

*s/ Seth R. Lesser*

Seth R. Lesser
Jessica Rado*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
jessica.rado@klafterlesser.com

Michael A. Galpern, Esquire *
Amy C. Winters, Esquire *
**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS**
Laurel Oak Corporate Center

24

1000 Haddonfield-Berlin Road - Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100
mgalpern@lawjw.com
awinters@lawjw.com

Joseph F. Scott, Esquire*
Ryan Winters, Esquire*
Kevin M. McDermott, III, Esquire*
**SCOTT & WINTERS LAW FIRM, LLC**
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
Telephone: (216) 912-2221
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*ATTORNEYS FOR PLAINTIFF, PROPOSED FLSA
COLLECTIVE ACTION PLAINTIFFS, AND
PROPOSED FED. R. CIV. P. 23 CLASS COUNSEL*

* *PRO HAC VICE* TO BE FILED

25

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*s/ Seth R. Lesser*
Seth R. Lesser

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury on all questions of fact raised by the Complaint.

*s/ Seth R. Lesser*
Seth R. Lesser

27